**Julian McMillan (SBN241937)**
**McMillan Law Group, APC**
4655 Cass St., Suite 404
San Diego, CA 92109
PH: 619.795.9430
FX: 619.241.8291

Attorney for Plaintiffs
James Waryck and Sangam Sheth

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARYCK and SANGAM SHETH, <br><br> Plaintiffs, <br><br> v. <br><br> THOR MOTOR COACH, INC.; FORD MOTOR COMPANY; MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS INLAND EMPIRE RV CENTER, INC. d/b/a MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS RV, and RELIABLE DELIVERY SERVICES, INC <br><br> Defendants | Case No. 3:22-cv-01096-L-MDD <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO MOTION OF THOR MOTOR COACH, INC. TO (1) TRANSFER VENUE TO INDIANA FEDERAL COURT PURSUANT TO 28 U.S.C. §1404(a); AND (2) SEVER CLAIMS AGAINST DEFENDANT RELIABLE DELIVERY SERVICES, INC. PURSUANT TO F.R.C.P. 21** <br><br> Hearing Date: 10/21/22 <br> Hearing Time: 10:30 a.m. <br> Courtroom: 5B <br><br> Honorable M. James Lorenz |

# Table of Contents

INTRODUCTION ...................................................................................................................... 1

RELEVANT FACTUAL SUMMARY ...................................................................................... 2

ARGUMENT ............................................................................................................................. 3

    I.     THE COURT SHOULD NOT TRANSFER THIS CASE TO INDIANA. ................................................. 3

        A.    *The forum-selection clause is not enforceable.* ................................................ 4

             *1.*    *The forum-selection clause violates "fundamental" and "inviolate" California public policy because it is a pre-dispute jury waiver.* ................................................ 4

             *2.*    *The forum-selection clause is also unenforceable because it cannot be enforced without violating the anti-waiver provisions in the Song-Beverly Consumer Warranty Act.* ........................................... 7

        B.    *The 1404(a) factors weigh against transfer to Indiana.* ................................................ 9

             *1.*    *The relevant agreements were negotiated and executed in California.* ................................................ 10

             *2.*    *Defendants concede that California law applies, and this case should stay in a California court familiar with the governing law.* ................................................ 10

             *3.*    *The Court should respect Plaintiffs' choice of a California forum.* ................................................ 12

             *4.*    *Plaintiffs and Defendants have extensive contacts with California.* ................................................ 13

             *5.*    *Plaintiffs' claims arise from events in California.* ................................................ 14

             *6.*    *Litigating in Indiana would be significantly more costly for Plaintiffs than litigating in California.* 14

             *7.*    *Indiana courts cannot compel attendance of unwilling non-party witnesses.* ................................... 15

             *8.*    *The evidence is all in California.* ................................................ 15

    II.    THE COURT SHOULD NOT DENY DEFENDANTS' REQUEST TO SEVER PLAINTIFFS' CLAIMS AGAINST RDS.. 16

CONCLUSION ......................................................................................................................... 17

<u>CASES</u>

Am. Online, Inc. v. Superior Court (2001) Cal.App.4th 1, 12 (2001) ............................................................. 15

Atlantic Marine Construction Co. v. United States Dist. Court for the Western Dist. of Texas, 571 U.S. 49 (2013) .. 8, 21

Benrus Watch Co. v. Bulova Watch Co., 126 F. Supp. 470, 471–472 (D.R.I. 1954) ...................................... 16

Brackett v. Hilton Hotels Corp., 619 F. Supp. 820, 820 (N.D. Cal. 2008) ................................................... 16

Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 17 (1972) ............................................................................. 8

Comm'n v Savage, 611 F.2d 270, 279 (9th Cir. 1979) .......................................................................... 7, 19

Cordua v. Navistar Intern. Transp. Corp., No. C 10-04961 CW, 2011 WL 62493, at *2 (N.D. Cal., Jan. 7, 2011)..... 7, 15

DeFazio v. Hollister Employee Share Ownership Trust, 406 F. Supp. 2d 1085, 1090 (E.D. Cal. 2005) ........................ 19

Doe 1 v. AOL LLC 552 F.3d 1077, 1083 (9th Cir. 2009) ............................................................................. 9

Gemini Techs., Inc. v. Smith & Wesson Corp., 931 F.3d 911, 915 (9th Cir. 2019) ........................................... 9

Getz v. Boeing Co., 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008) ............................................................ 18

Grafton Partners v. Superior Court 36 Cal.4th 944, 958 (2005) ............................................................. 8, 9

Handoush v. Lease Finance Group, LLC (2019) 41 Cal.App.5th 729, 736 .................................................... 8

In re County of Orange 784 F.3d 520 (9th Cir. 2015) ............................................................................... 8

Jones v. GNC Franchising Inc., 211 F.3d 495, 498-99 (9th Cir. 2000) ..................................................... 7

Jones v. GNC Franchising, Inc. 211 F.3d 495, 499 (9th Cir. 2000) ................................................... passim

Kooiman v. Siwell, Inc., No. 8:20-CV-00565-JLS-DFM, 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021) .................. 10

Kwan v. Mercedes-Benz of North America, Inc. (1994) 23 Cal. App. 4th 174, 184) ...................................... 11

Martinez v. Master Prot. Corp. (2004) 118 Cal.App.4th 107, 116) ............................................................. 10

Murillo v. Fleetwood Enterprises, Inc. (1998) 17 Cal.4th 985, 990 .......................................................... 11

Pereya v. Guaranteed Rate, Inc., No. 18-CV-06669-EMC, 2019 WL 2716519, at *8 (N.D. Cal. June 28, 2019) ........... 10

Piper Aircraft Co. v. Reyno, 454 U.S. 235, 241 n.6 (1981).......................................................................... 7

Rahimi v. Mid Atl. Profs. Inc., No 3:18-CV-00278-CAB-KSC, 2018 WL 3207383, at *2, n.3 (S.D. Cal. June 29, 2018)7

Van Dusen v. Barrack, 376 U.S. 612, 622 (1964) ..................................................................................... 7

Verdugo v. Alliantgroup, L.P. (2015) 237 Cal.App.4th 141 ............................................................... 10, 13

Wimsatt v. Beverly Hills Weight etc. Int'l, Inc. (1995) 32 Cal.App.4th 1511, 1522 ...................................... 8

<u>STATUTES</u>

15 U.S.C. § 2301 ................................................................................................................ 14

28 U.S.C. § 1404 .............................................................................................. 4, 6, 13, 21

Cal. Civ. Code § 1793 ....................................................................................................... 14

California Civil Code section 1790.1 .............................................................................. 11

<u>RULES</u>

Cal. Code Civ. Proc. § 631(a)............................................................................................. 9

Fed. R. Civ. Proc. 20(b)...................................................................................................... 20

Fed. R. Civ. Proc. 38 .......................................................................................................... 9

## **INTRODUCTION**

Plaintiffs JAMES WARYCK and SANGAM SHETH ("Plaintiffs") herein oppose the motion by THOR MOTOR COACH, INC. ("Thor") to (1) transfer venue to Indiana federal court pursuant to 28 U.S.C. § 1404(a); and (2) sever claims against defendant RELIABLE DELIVERY SERVICES, INC. ("RDS") pursuant to Federal Rule of Civil Procedure 21 (doc. 7). Thor's motion is joined by MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS INLAND EMPIRE RV CENTER, INC. d/b/a MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS RV ("MIKE THOMPSON RV") (with Thor, "Defendants").

The sole basis for Defendants' motion to transfer is the jurisdiction clause contained in the Thor Motor Coach Product Warranty Registration Form (**Exhibit C** to Defendants' Request for Judicial Notice). But the clause is not dispositive, and Defendants ignore the other 1404(a) factors, all of which weigh *against* transfer to Indiana. The forum selection clause is also unenforceable because it conflicts with fundamental California public policy prohibiting the pre-dispute waiver of the right to a jury trial and the waiver of consumer rights under California law. *Defendants concede the important public policies implicated by the forum selection clause they seek to enforce*. Their *only* argument in response is the representation by their counsel that Defendants will make future stipulations regarding Plaintiffs' rights under California law if the case is transferred to Indiana, relying on dicta in a California appellate decision. The Court should reject these efforts to rewrite the very forum selection clause that Defendants seek to enforce as a matter of law and because Defendants' purported stipulations do not resolve the public policy conflict.

Finally, Defendants' motion to sever Plaintiffs' claims against RDS is moot because the motion to transfer should be denied. In addition, the Court should deny Defendants' motion to sever Plaintiffs' claims against RDS because all defendants may be jointly liable for the damage to the Vehicle, and all defendants were involved in the inspection during which the Vehicle was damaged by RDS.

## RELEVANT FACTUAL SUMMARY

On December 15, 2020, Plaintiffs purchased a 2021 Thor Outlaw 38KB, bearing VIN No. 1F665DN7L010009 ("Vehicle").   Plaintiffs purchased the Vehicle from Defendant Mike Thompson RV, at its dealership located at 13940 Firestone Boulevard, Santa Fe Springs, CA 90670. At purchase, the Vehicle had 2,309 miles on it. Within a mere 432 miles, the Vehicle revealed its manufacturer defects.

Many of these defects stem from the fact that Thor took the Ford chassis that forms the base for the Vehicle and delivered it to a company called Morryde International ("Morryde"). Morryde was tasked with "stretching" the chassis. There are two separate spots in the frame of the Vehicle where the frame has been "stretched". The first is in front of the rear wheels; and the second is behind the rear wheels. As a result of this stretching, the chassis is overloaded both by weight and by length. Plaintiffs were unaware of this modification. which was significant enough to null and void any warranty from Ford on the chassis.

In addition to those issues, Plaintiffs also quickly discovered the shoddy workmanship by Thor Motor Coach on the remainder of the Vehicle, as outlined in the Complaint. Though Plaintiffs have owned the Vehicle since December of 2020, they have driven it less than 1,500 miles, and most of those miles were driven to the authorized repair facility and by the technicians there that tested it. Now, the Vehicle cannot be driven and sits in a storage lot where DRS abandoned it there after having deflated the tires and crashing it into an overpass.[1]

The issues with the Vehicle manifested in the state of California. The repair attempts were performed in California. Thor has been unable to repair the Vehicle's defects, and the Vehicle has been out of service for more than 130 days.  Under both

---

[1] In the course of trying to resolve this matter with Thor, a Vehicle inspection was scheduled for April 28, 2022. Ford and Thor, in a cost-splitting arrangement, hired RDS to deliver the Vehicle to Mike Thompson RV for this inspection. In attempting to deliver the Vehicle, the RDS driver crashed the Vehicle into an overpass. After the fire and police departments freed the Vehicle, RDA returned the Vehicle to the storage lot and was otherwise not heard from again.

the Song Beverly Act, and the Magnussen Moss Consumer Warranty Law, Thor is required to buy the Vehicle back, yet it refuses to do so.

## ARGUMENT

### I.   The Court should not transfer this case to Indiana.

Section 1404(a) provides that, "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). When considering a motion to transfer venue, the Court should consider the following factors:

> (1) the location where the relevant agreements were negotiated and executed; (2) the state that is most familiar with the governing law; (3) the Plaintiff's choice of forum' (4) the respective parties' contacts with the forum; (5) the contacts relating to the Plaintiff's cause of action in the chosen forum; (6) the differences in the costs of litigation in the two forums; (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses; and (8) the ease of access to sources of proof.

*Jones v. GNC Franchising Inc*., 211 F.3d 495, 498-99 (9th Cir. 2000). The Supreme Court has ruled that a section1404(a) analysis should be an "individualized, case-by case consideration of convenience and fairness." *Van Dusen v. Barrack,* 376 U.S. 612, 622 (1964); *see also Cordua v. Navistar Intern. Transp. Corp.*, No. C 10-04961 CW, 2011 WL 62493, at *2 (N.D. Cal., Jan. 7, 2011). "The burden is on the defendant to show that the convenience of parties and witnesses and the interests of justice require transfer to another district." *Comm'n v Savage,* 611 F.2d 270, 279 (9th Cir. 1979).

Even where a court determines that there is a valid forum-selection clause, it still must consider "arguments about public-interest factors," including "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; and the interest of having the trial of a diversity case in a forum that is at home with the law." *Rahimi v. Mid Atl. Profs. Inc.*, No 3:18-CV-00278-CAB-KSC, 2018 WL 3207383, at *2, n.3 (S.D. Cal. June 29, 2018) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). Not only is the forum-

selection clause at issue not enforceable, but none of the factors—public or private—weighs in favor of transfer to Indiana.

**A.    The forum-selection clause is not enforceable.**

**1.    The forum-selection clause violates "fundamental" and "inviolate" California public policy because it is a pre-dispute jury waiver.**

California law is clear:  a party may not enter into a pre-dispute waiver of its right to a jury trial except for in limited ways set forth by statute.  Defendants do not seriously dispute that pre-dispute jury waivers violate California law.  A forum selection clause is invalid if it will diminish any substantive rights afforded under California law. *Wimsatt v. Beverly Hills Weight etc. Int'l, Inc.* (1995) 32 Cal.App.4th 1511, 1522.  A California appellate court recently held that California courts cannot enforce pre-dispute waivers of the right to a jury trial:

> Article I, section 16 of the California Constitution states the right to trial by jury is "an inviolate right," and "[i]n a civil cause a jury may be waived by the consent of the parties as prescribed by statute." Section 631 of the Code of Civil Procedure states, "The right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate. In civil cases, a jury may only be waived pursuant to subdivision (f)." (Code Civ. Proc., § 631, subd. (a).) Subdivision (f) enumerates six actions by a party that will waive trial by jury, including "[b]y written consent filed with the clerk or judge." (*Id.*, subd. (f)(2).) CA(5) (5) *Grafton* discusses California's constitutional history and states that the  right to a jury trial in California is "fundamental," "inviolate," and "sacred." (*Grafton*, at pp. 951, 956.) Our high court held that the waiver methods specified in Code of Civil Procedure section 631 are exclusive and they apply only after a lawsuit has been filed. (Grafton, at p. 956.) *Section 631 does not authorize predispute waivers of the right to jury trial by parties who submit their disputes to a judicial forum, and, therefore, the court may not enforce such waivers*. (*Grafton*, at pp. 951, 956, 961, 967.)

*Handoush v. Lease Finance Group, LLC* (2019) 41 Cal.App.5th 729, 736 (emphasis added; citing *Grafton Partners v. Superior Court* 36 Cal.4th 944, 958 (2005)). Any forum selection clause that seeks to restrict the parties' right to a jury trial—such as the clause drafted by Thor—is unenforceable as it violates an unwaivable and paramount California public policy interest.

The *Handoush* court went on to address that while right to jury trial in California is both procedural and substantive, the key analysis was the same either way. Citing to *In re County of Orange* 784 F.3d 520 (9th Cir. 2015), the court recognized that although federal courts apply federal law to determine the enforceability of a forum selection clause, the California right to a jury trial is both procedural and substantive to such a degree that the unwaivable right to a jury trial could not be discarded as merely a procedural rule. *Handoush*, *supra* at 739.

This holding is consisted with the United States Supreme Court's decisions in *Bremen v. Zapata Off-Shore Co*., 407 U.S. 1, 17 (1972) and *Atlantic Marine Construction Co. v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013). The mandate espoused in both of these decisions is that in determining enforcement of a forum selection clause, a district court should look to whether the forum state has a strong public policy disfavoring application of the forum selection clause. *See also Doe 1 v. AOL LLC* 552 F.3d 1077, 1083 (9th Cir. 2009) ("the appropriate analysis by a federal Court "will determine a forum selection clause is unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision."); *see also Gemini Techs., Inc. v. Smith & Wesson Corp.*, 931 F.3d 911, 915 (9th Cir. 2019) (reversing district court's order transferring case pursuant to a forum selection clause that violated Idaho public policy).

The forum selection clause in this matter states as follows:

**I AGREE THAT ANY AND ALL ACTIONS OF ANY KIND RELATED TO OUR MOTORHOME SHALL BE DECIDED BY A JUDGE RATHER THAN BY A JURY**

(See **Ex. C** to Defendant Thor's Mot. To Change Venue). This clear attempt to waive a jury trial is the exact type of provision that is unenforceable as running too far afoul of California's strong public interest in certain unwaivable rights. The large, bold language of the forum selection clause's jury trial prohibition is the type of pre-dispute waiver that California courts have refused to enforce in light of the California Supreme

Court's holding that the right to a jury trial is "fundamental," "inviolate," and "sacred." *Grafton, supra*, at 951, 956.

As noted above, Defendants do not dispute this law. Conceding California's fundamental public policy against pre-dispute jury waivers, Defendants purport to agree to agree to some later stipulation providing that there will be no waiver of Plaintiff's right to a jury trial. Defendants' efforts are too little, too late, and cannot save the forum selection clause that they seek to enforce.

Defendants' counsel states in his declaration that "Plaintiffs' rights pursuant to *California Code of Civil Procedure* section 631(a) and *Federal Rules of Civil Procedure*, Rule 38 will not be disturbed should this matter be transferred to Indiana Federal Court. Further, should Plaintiffs wish, Thor will enter into a separate written stipulation to that effect." *See* Robertson Decl. (doc. 7-3) at ¶ 6. In support of this attempt to avoid the effect of California's "fundamental" and "inviolate" rights, Defendants rely on *Verdugo v. Alliantgroup, L.P.* (2015) 237 Cal.App.4th 141.

Defendants' purported stipulation fails for several reasons. First, in *Verdugo*, the court stated that defendant "could have eliminated any uncertainty on which law [a transferee court] would apply by stipulating to have a Texas court apply California law in deciding Verdugo's claims, but [defendant] did not do so." *Id*. at 158. Other courts in this judicial district described this statement in *Verdugo* as "seemingly suggest[ing] that a defendant could carry its burden of showing that plaintiff's unwaivable rights would not be contravened in Texas state court because it stipulated to California law, but that analysis ***was dicta and not a part of Verdugo's holding***." *Kooiman v. Siwell, Inc.*, No. 8:20-CV-00565-JLS-DFM, 2021 WL 899095, at *5 (C.D. Cal. Jan. 4, 2021) (citation omitted; emphasis added).

Second, as *Kooiman* recognized in distinguishing *Verdugo*, under California law, an "after-the-fact expression of willingness to amend [a contractual provision] to conform to law is effective." *Id*. at 13-14 (quoting *Martinez v. Master Prot. Corp.* (2004) 118 Cal.App.4th 107, 116). Moreover, the "conscionability of the provision is

to be judged at the time the agreement is made." *Id*. at *14 (quoting *Pereya v. Guaranteed Rate, Inc.*, No. 18-CV-06669-EMC, 2019 WL 2716519, at *8 (N.D. Cal. June 28, 2019)).

Finally, even if the holding in *Verdugo* cannot be distinguished, Defendants have failed to make any stipulation agreeing to the application of California law in any Indiana proceeding.  Rather, their counsel has made a representation that "Plaintiffs' rights . . . ***will not be disturbed*** should this matter be transferred to Indiana Federal Court." *See* Robertson Decl. (doc. 7-3) at ¶ 6 (emphasis added).  But this passive voice sentence does not include any stipulation or agreement by ***Thor***; it simply provides conditionally that, if this case is transferred to Indiana, Defendants will make some separate but undefined stipulation in the future.

In light of Defendants' concession that pre-dispute waivers of the right to a jury trial are a "fundamental," "sacred," and "inviolate" right under California law, the forum selection clause should not be enforced.  Defendants' attempts to make a future, undefined agreement regarding Plaintiffs' jury rights is ineffective both as a matter of law and as a matter of fairness, as Defendants have not made any stipulation or provided with certainty what such a stipulation might be.

>     **2.    The forum-selection clause is also unenforceable because it cannot be enforced without violating the anti-waiver provisions in the Song-Beverly Consumer Warranty Act.**

Defendants also effectively concede that California law, as a matter of public policy, does not allow the waiver of a consumer's rights under the Song-Beverly Consumer Warranty Act.  As with its purported attempt to claw back its jury waiver, Defendants' counsel makes certain representations about positions Defendants will take if the case is transferred, but Defendants have not effectively made an effective stipulation that would make the forum selection clause enforceable.

California Civil Code section 1790.1 states, "Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this

chapter, shall be deemed contrary to public policy and shall be unenforceable and void." The wording of the statute is as explicit as possible.  Not only does it contain an anti-waiver provision but it also expressly references that any such provision is contrary to public policy.  In *Murillo v. Fleetwood Enterprises, Inc*., the California Supreme Court recognized that California's Song-Beverly Consumer Warranty Act is, "strongly pro-consumer" and noted the Act's express anti-waiver provision is an indication of the legislature's intent to codify the strong public policy interest in the statute.  *Murillo v. Fleetwood Enterprises, Inc*. (1998) 17 Cal.4th 985, 990.  The Court reiterated that it "is manifestly a remedial measure, intended for the protection of the consumer; it should be given a construction calculated to bring its benefits into action." *Id*. (quoting *Kwan v. Mercedes-Benz of North America, Inc*. (1994) 23 Cal. App. 4th 174, 184).

As discussed above, federal courts will not enforce forum selection clauses that contravene the public policy of the forum state.  *See Jones v. GNC Franchising, Inc*. 211 F.3d 495, 499 (9th Cir. 2000) ("the presence of a forum selection clause is a 'significant factor' in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.").

In this case, the forum selection clause states

EXCLUSIVE JURISDICTION FOR DECIDING LEGAL DISPUTES RELATING TO ALLEGED BREACH OF WARRANTY OR REPRESENTATIONS OF ANY NATURE RESTS IN THE COURTS WITHIN THE STATE OF MANUFACTURE, WHICH IS INDIANA. ALSO, THIS STRUCTURAL LIMITED WARRANTY SHALL BE INTERPRETED AND CONSTRUED IN ACCORDANCE WITH THE LAWS OF THE STATE OF INDIANA. ANY AND ALL CLAIMS, CONTROVERSIES AND CAUSES OF ACTION ARISING OUT OF OR RELATING TO THIS STRUCTURAL LIMITED WARRANTY, WHETHER SOUNDING CONTRACT, TORT OR STATUTE, SHALL BE GOVERNED BY THE LAWS OF THE STATE OF INDIANA, INCLUDING ITS STATUTE OF LIMITATIONS, WITHOUT GIVING EFFECT TO ANY CONFLICT OF LAW RULE THAT WOULD RESULT IN THE APPLICATION OF THE LAWS OF A DIFFERENT JURISDICTION.

See **Ex. E** to Defendant Thor's Mot. To Change Venue pp. 65 of 77.  This clause is irreconcilably contradictory to California's strong public policy interest in prohibiting

the waiver of claims under the Song-Beverly Consumer Warranty Act. The provision expressly states that "*any and all claims, controversies, any and all causes of action* shall be governed solely by the laws of the state of Indiana without giving effect to any conflict of law that would result in the application of the law of a different jurisdiction." *Id*. (emphasis added).

As with the forum selection clause's waiver of jury rights, Defendants purport to "stipulate" that the Song-Beverly Consumer Act will apply if the case is transferred to Indiana. Again, Defendants' counsel represents that Defendants will stipulate "that the Song-Beverly Consumer Warranty Act will apply to Plaintiffs' claims as pled in their complaint" and that Thor "will not oppose a request that the Indiana court utilize the Song-Beverly Consumer Warranty Act to adjudicate those allegations if permitted to go forward." *See* Robertson Decl. (doc. 7-3) at ¶ 6.

In support of this proposed stipulation by their counsel, Defendants again rely on *Verdugo*, which, as discussed above, is simply inapplicable here. Like the purported stipulation relating to the jury waiver, Defendants' proposal is conditional and unspecific. Defendants do not stipulate that California law will apply, rather, they agree that they "will not oppose" a request by Plaintiffs that the Song-Beverly Consumer Warranty Act applies to their claim in an Indiana court.

The theoretical waiver discussed as dicta in *Verdugo* considered a party waiving *all* applicability of Texas law to the California causes of action. In this case, the prohibitive language of the forum selection clause cannot be reconciled with any such stipulation without essentially re-drafting the clause in its entirety, thus rendering the clause itself hopelessly in conflict with California's public policy interests espoused in the Song-Beverly Consumer Warranty Act's own statutory language.

Defendants' efforts again are insufficient to support enforcing the forum selection clause at issue. The Court should deny Defendants' motion to transfer on the basis of the forum selection clause.

**B.    The 1404(a) factors weigh against transfer to Indiana.**

Whether the forum-selection clause is enforceable or not, transfer to Indiana is not warranted because the 1404(a) factors weigh against such transfer. This is a California dispute, governed by California law, concerning local California interests. This Court is best suited to hear this dispute, and Defendants' motion for transfer should be denied. Defendants fail to address the 1404(a) factors, and thus, they have failed to carry their burden is establishing that transfer to Indiana is appropriate.

1.      **The relevant agreements were negotiated and executed in California.**

The first factor, "the location where the relevant agreements were negotiated and executed," weighs against transfer. *Jones*, 211 F.3d at 498-99. Defendants do not dispute that the Retail Installment Sales Contract ("RISC"), which provided for the sale of the Vehicle, was executed in the state of California. As well, the RISC used is "FORM NO. 553-CA-ARB." Exhibit A to Defendants' Request for Judicial Notice.[2]. It is a California specific contract which provides:

"APPLICABLE LAW: Federal and California law apply to this contract."

The RISC is a California Contract executed in California. The RISC makes no mention of jurisdiction in Indiana. This factor weighs against transfer.

2.      **Defendants concede that California law applies, and this case should stay in a California court familiar with the governing law.**

The second factor—"the state that is most familiar with the governing law"— also weighs in favor of a California venue. *Jones*, 211 F.3d at 498-99. This factor is a public-interest factor, not a private interest of Plaintiffs, and supports denying the motion to transfer even if the Court finds that the forum selection clause is enforceable, which Plaintiffs do not concede.

---

[2] The copy attached to Defendants' Request for Judicial Notice is largely unintelligible. As well, Defendants failed to include a copy of the back of the RISC.

Plaintiffs' claims against Defendants in this action are brought under two separate remedial statutes – (1) Cal. Civ. Code § 1793 *et. seq.*, the California Song-Beverly Consumer Warranty Act; and (2) 15 U.S.C. § 2301 *et. seq.*, the Magnusson-Moss Warranty Act. As to Plaintiffs' Magnusson-Moss federal statutory claims, those arise out of a federal statute, both the Southern District of California and the Northern District of Indiana are equally suited to apply and analyze Plaintiffs' federal claims. The Song-Beverly Consumer Warranty Act claims, however, arise out of California statutory provisions and case law. The two causes of action are far from identical and have both different standards and different remedies available to Plaintiffs. Virtually all civil actions filed in this District that have Magnusson-Moss Warranty Act claims also have Song-Beverly Consumer Warranty Act claims. As such, this Court is much more familiar with Plaintiffs' Song-Beverly Consumer Warranty Act claims than an Indiana court would be, and therefore this factor weighs in favor of denying the motion to transfer.

As discussed above, California's pro-consumer public policy with respect to the sale of motor vehicles weighs heavily against transfer. Requiring individual California retail consumers to litigate their Song–Beverly Consumer Warranty Act claims in an out-of-state forum would impede their ability to vindicate their statutory rights. Indeed, California state courts refuse to enforce forum selection clauses if doing so "would substantially diminish the rights of California residents in a way that violates [the] state's public policy." *Am. Online, Inc. v. Superior Court* (2001) Cal.App.4th 1, 12 (2001). In *America Online,* the state appellate court refused to enforce a forum selection clause, in part because of the pro-consumer policies underlying California's Consumer Legal Remedies Act (CLRA), Cal. Civ. Code §§ 1750, *et seq.* In particular, the court noted that the CLRA contained an anti-waiver provision, which signaled the law's remedial purpose and importance in protecting consumers. 90 Cal.App.4th at 14. Similarly, the Song–Beverly Consumer Warranty Act contains an anti-waiver

provision and has been declared to be a remedial scheme intended to protect California consumers. *Cordua*, 2011 WL 62493, at *2.

California Civil Code §1790.1 provides "Any waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy." Transferring the case to Indiana and enforcing the forum selection clause would result in the waiver of certain provisions and remedies of the Song-Beverly Consumer Warranty Act. As discussed above, Defendants' purported "stipulation" regarding these California consumer claims is ineffective because no such stipulation has been provided and it is unknown what terms and conditions will be required of Plaintiffs in order to secure said stipulation.

### 3.    The Court should respect Plaintiffs' choice of a California forum.

The third factor—"the plaintiff's choice of forum"—also weighs in favor of keeping this dispute in California. *Jones*, 211 F.3d at 498-99. Plaintiffs elected to file their case in the District Court for the Southern District of California. Plaintiffs are California individual residents. Defendant Thor is a Delaware corporation registered to do business in the state of California (Decl. of JCM ¶3, and EXHIBIT B). Defendant Mike Thompson RV is a California corporation with no apparent nexus to Indiana (Decl. of JCM ¶4, and EXHIBIT C). Defendant RDS is a California corporation with no connection to Indiana (Decl. of JCM ¶5, and EXHIBIT D).

Plaintiffs chose this forum due to its geographic proximity to the Vehicle, the facts at issue in this case and to utilize the provisions of the Song-Beverly Consumer Warranty Law to both recover all of their expenses and to recover accumulated attorney's fees and costs.

Defendants do not dispute it would be more convenient for Plaintiffs to litigate this case in their home state. Although the relative financial ability of the parties is not entitled to great weight, it should be taken into account. *Brackett v. Hilton Hotels*

*Corp.*, 619 F. Supp. 2d 820, 820 (N.D. Cal. 2008). "In venue contests, . . . it is the duty of the district judge to balance inconveniences and to determine upon which litigant the greater hardship would rest, if he granted change of venue, and that determination was subject to the rule that unless the balance is strongly in favor of the defendant the plaintiff's choice of forum should rarely be disturbed. Thus, on a motion to transfer the defendant has the burden of making out a strong case in favor of a transfer." *Benrus Watch Co. v. Bulova Watch Co.*, 126 F. Supp. 470, 471–472 (D.R.I. 1954).

As Defendants' sole argument for transfer is the forum selection clause contained in the Thor Motor Coach Warranty Registration Card, this factor weighs against transfer.

### 4. Plaintiffs and Defendants have extensive contacts with California.

The fourth factor—"the respective parties' contacts with the forum"—also weighs in favor of a California venue. As discussed above, all Defendants are either California corporations or registered to do business in the state of California. Plaintiffs are individuals residing with their families in California. Defendant Thor distributes and sells Thor Motor coaches throughout the state of California and has done so for years. In this case, the Vehicle was sold under the terms of a California contract to be governed by California law. It is believed that this form agreement is utilized on sales of all Thor Motor Coaches in the State of California.

Defendant Mike Thompson RV operates exclusively in the state of California.

Defendant RDS operates exclusively in the state of California.

All witnesses with respect to the repair attempts and operation of the Vehicle subsequent to purchase by Plaintiffs are located in California. All of Plaintiffs' vehicle inspectors are located in California.

Plaintiffs have no connection with Indiana. Defendant Thor may have its factory there, but it is also a Delaware corporation. This factor weighs heavily in favor of denying Defendants' motion.

### 5.    Plaintiffs' claims arise from events in California.

The fifth factor—"the contacts relating to Plaintiff's cause of action in the chosen forum"—also weighs against transfer to Indiana. *Jones*, 211 F.3d at 498-99. As above, the majority of the material witnesses are located in California. All of the repair personnel for both Mike Thompson RV and Ford Motor Corporation live and work in California. The inoperable Vehicle is in California. At present, Plaintiffs cannot operate the Vehicle and the costs of transporting it to Indiana are prohibitive. "The convenience of witnesses is often the most important factor in deciding whether to transfer an action pursuant to § 1404(a)." *Getz v. Boeing Co.,* 547 F. Supp. 2d 1080, 1083 (N.D. Cal. 2008). Defendants' motion does not speak to convenience of witnesses at all. As above, the sole argument for transfer to Indiana is the forum selection clause. This factor thus weighs heavily in favor of denying the motion to transfer.

### 6.    Litigating in Indiana would be significantly more costly for Plaintiffs than litigating in California.

The sixth factor—"the differences in the costs of litigation in the two forums"—also weighs against transferring this dispute to Indiana For Plaintiffs, this is obvious:

    a.  Transporting the Vehicle to Indiana is cost prohibitive;

    b.  Traveling back and forth to Indiana is cost prohibitive;

    c.  Transporting repair facility witnesses back and forth to Indiana is cost prohibitive.

    d.  No attorney as yet in Indiana has indicated a willingness to take the case on a complete contingency fee basis (See Decl. of JCM Page 2 ¶2 and Exhibit A to that

Declaration.)

While the Motion focuses on the forum selection clause, Defendants fail to carry their burden in showing that this factor weighs in favor of transfer. Accordingly, Defendants do not dispute that the cost of litigating this case in Indiana would be prohibitive for Plaintiffs. To try to resolve this case efficiently, Plaintiffs have made a settlement offer to Defendants that comports with both the Magnussen Moss Consumer Warranty Act and the Song-Beverly Consumer Warranty Act. If the case be transferred to Indiana, Plaintiffs will incur additional costs to fund the litigation, but they will lose the protection of the California Song-Beverly Consumer Warranty Act, which provides for the recovery of their attorneys' fees. Transfer to Indiana would require Plaintiffs to pay an Indiana attorney out of pocket to handle the case. This factor thus weighs heavily in favor of denying the Motion to Transfer Venue.

### 7. Indiana courts cannot compel attendance of unwilling non-party witnesses.

The seventh factor—"the availability of compulsory process to compel attendance of unwilling non-party witnesses"—also weighs against transferring this case to Indiana. *Jones*, 211 F.3d at 498-99. The issue here is simple and straightforward. The Vehicle was sold in California. All repair attempts occurred in California. Current and former employees of Mike Thompson RV and South Bay Ford, where repair attempts occurred, all reside in California. "In assessing convenience of witnesses as factor in resolving motion to transfer venue, courts consider effect of transfer on availability of certain witnesses and their live testimony at trial." *DeFazio v. Hollister Employee Share Ownership Trust*, 406 F. Supp. 2d 1085, 1090 (E.D. Cal. 2005). Trial in cases like this can often last weeks. If this case is transferred to Indiana, many of the percipient witnesses will be essentially required to relocate for a period of time wherein they will miss work and be separated from their respective families.

### 8. The evidence is all in California.

Finally, the final factor—"the ease of access to sources of proof"—also weighs heavily in favor of California venue. The issue here is again simple and straightforward. As above, the Vehicle itself sits inoperable and arguably unsafe to operate. The Vehicle itself is the chief source of evidence.

As with all of the other factors, Defendants do not make any attempt to address this factor. Thus Defendants have failed to carry their burden in showing that, on balance, the section 1404(a) factors support transfer to Indiana. *Savage,* 611 F.2d at 279. The Court should deny the motion to transfer venue.

## II.   The Court should deny Defendants' request to sever Plaintiffs' claims against RDS.

First, Defendants' motion to sever should be denied as moot because the Court should also deny Defendants' motion to transfer. Plaintiffs' claims against Defendants should proceed together in this California court because this is the appropriate venue for this dispute.

Second, if the Court determines that transfer is appropriate—which Plaintiffs dispute—the Court still should not sever RDS's claims from Plaintiffs' claims against Thor and Mike Thompson RV. Plaintiffs' claims against defendant RDS are intertwined with its claims against defendants Thor and Mike Thompson RV. Plaintiffs allege that they allowed defendants Thor and Mike Thompson RV "to conduct an inspection of the" Vehicle and that RDS was hired to tow the Vehicle to an inspection site. Compl. at ¶¶ 73-74. While the Vehicle was in RDS's custody, RDS "crashed the Subject Vehicle into an overpass." *Id*. at ¶ 75. Plaintiffs contend that the "Vehicle has been damaged beyond repair and the structural integrity of" the Vehicle "is in doubt." *Id*. at ¶ 77.

Plaintiffs' allegations against RDS are connected to and related to their claims against Defendants, and resolving this lawsuit and determining each defendants' liability must include RDS because Plaintiffs cannot be made whole without their

ability to seek damages from RDS, as defendants may be jointly liable for the damages to the Vehicle.   Moreover, fact discovery regarding Plaintiffs' claims against Defendants and RDS may overlap to the extent Plaintiffs have alleged that the inspection for which RDS was hired was requested by Defendants Thor and Mike Thompson RV.   Thus, there is at least one "common question of fact" that links all defendants in this case, and joinder of RDS to these proceedings was appropriate.   All defendants were involved in the inspection during which RDS damaged the Vehicle, and all defendants will be liable to Plaintiffs for damages to the Vehicle.

Under Federal Rule of Civil Procedure 20(b), Plaintiffs can join defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."   Here, Plaintiffs allege that defendants may be responsible for the damages to the Vehicle and that defendants were all involved in the "same transaction," the inspection during which RDS crashed the Vehicle into the overpass.   The defendants share a common question of fact in determining the damages to the Vehicle and apportioning liability amongst the defendants.   For these reasons, the Court should deny the motion to sever Plaintiffs' claims against RDS.

## CONCLUSION

In *Atlantic Marine*, the Supreme Court clarified and refined the factors a Court should consider when asked to grant a motion to transfer pursuant to 28 U.S.C. § 1404(a) based on a forum selection clause.   When it did so, it did not abrogate its own prior decisions but instead carved out which factors a Court should focus on.   As the only ones that remain are those that analyze a public interest, the forum state's strong public policy interests are the most compelling of the factors for the Court to consider.   Both the legislature and California courts have ratified California's deep and important

public policy interests in preserving the Song-Beverly Consumer Warranty Act and the California Constitution's unwaivable right to a jury trial.  As the forum selection clause at issue in this case expressly voids both of those options, it is impossibly conflicted with California's public interest.  Defendants' creative "promise to stipulate" to avoid the irreconcilable conflict between the forum selection clause that Defendants seek to enforce with California's "fundamental," "sacred," and "inviolate" public policy concerns fails to resolve that conflict.  Accordingly, the Court should conclude that the forum selection clause is unenforceable.  The motion to transfer should be denied because absent an enforceable forum selection clause, Defendants have wholly failed to even dispute that the section 1404a) factors weigh against transfer to Indiana.

Finally, Defendants' motion to sever Plaintiffs' claims against RDS should be denied as moot, or, in the alternative, denied because RDS is properly joined as a defendant in this action.

Dated: October 3, 2022                    MCMILLAN LAW GROUP, APC

                                          By:     /s/ Julian McMillan, Esq.
                                                  Julian McMillan, Esq.
                                                  Attorney for Plaintiffs