UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARYCK and SANGAM SHETH,<br><br>　　　　　　Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC., MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS, RELIABLE DELIVERY SERVICES, INC., and DOES 1–20,<br><br>　　　　　　Defendants. | Case No.: 22-cv-1096-L-MDD<br><br>**ORDER DENYING MOTION TO TRANSFER VENUE AND SEVER**<br><br>**[ECF No. 7]** |

Pending before the Court is Defendant Thor Motor Coach, Inc.'s ("Thor Motor") motion to transfer this action to the Northern District of Indiana and sever claims against Defendant Reliable Delivery Services, Inc. ("Reliable Delivery").[1] (ECF No. 7.) Plaintiffs opposed, (ECF No. 14), and Thor Motor replied, (ECF No. 16). The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1. For the reasons stated below, the Court **DENIES** the motion.

I. **BACKGROUND**

According to the allegations in the complaint, on December 15, 2020, Plaintiffs signed a contract for the purchase of a motor home from Thor Motor. (ECF No. 1, at 4.) On the same date, Plaintiffs signed a document entitled "Thor Motor Coach Product Warranty Registration Form" which included an acknowledgment that Plaintiffs

---

[1] The third named defendant in this case, Mike Thompson Recreational Vehicles, Santa Fe Springs ("Mike Thompson RV"), joined in the motion. (ECF No. 7-2.)

"received, read, and agreed to the terms and conditions of Thor Motor Coach's Limited Warranty." (ECF No. 7-5, at 31.) The form also included a clause in which Plaintiffs "understand that exclusive jurisdiction for deciding legal disputes relating to alleged breach of express warranty and implied warranties that arise by operation of law as well as those relating to representations of any nature rests in the courts within the state of manufacture, which is Indiana." (*Id.*) The warranty itself included a statement that "any and all claims, controversies and causes of action arising out of or relating to this limited warranty . . . shall be governed by the laws of the state of Indiana." (*Id.* at 20.) Additionally, the registration form contained a jury-waiver which stated that Plaintiffs "agree that any and all actions of any kind related to our motorhome shall be decided by a judge rather than a jury." (*Id.* at 31.)

Thor Motor's express warranty provided, in part, that in the event a defect developed with the subject vehicle during the warranty period, Plaintiffs could deliver the vehicle to Thor Motor's representatives for repair services. (ECF No. 1, at 4.) Plaintiffs noticed defects with the vehicle shortly after purchase. (*Id.* at 5.) Plaintiffs brought the vehicle to Thor Motor's authorized repair facilities on eight separate occasions while the vehicle was covered by the warranty. (*Id.*)

On April 28, 2022, Reliable Delivery was hired to transport the subject vehicle to an inspection requested by the other defendants. (*Id.* at 12.) On the way to the inspection site, Reliable Delivery crashed the subject vehicle into an overpass. (*Id.*) The subject vehicle was returned to a lot where it remained unrepaired for the rest of the applicable warranty period. (*Id.* at 6, 12.)

Plaintiffs filed the present suit in July of 2022 asserting causes of action under the Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790–1795.5, and the federal Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312. The complaint includes two claims for breach of warranty and claims for failure to promptly repurchase product and failure to commence repairs within a reasonable time and complete them within thirty

days. (*See* ECF No. 1.) Plaintiffs also assert a claim for professional negligence against Reliable Delivery only. (*Id.*)

II. **MOTION TO SEVER**

The Court first considers Thor Motor's motion to sever claims against Reliable Delivery. Thor Motor asserts that Reliable Delivery should be severed from the present matter because the single negligence claim does not arise from any repair or breach of warranty on the subject motor home and involves no statutory rights under California law. (ECF No. 7-1, at 15.) As such, Thor Motor argues that they are not factually or legally implicated in the negligence claim. (*Id.*) Thor Motor adds that without severance, their agreement with Plaintiffs to resolve statutory and contractual disputes in the Courts of Indiana will be frustrated, and that the combination of unrelated claims will lead to confusion and unnecessary delay. (*Id.*)

Plaintiffs respond that they cannot be made whole without the ability to seek damages from Reliable Delivery in the present suit because all of the defendants may be jointly liable for the damages to the subject vehicle. (ECF No. 14, at 21.) Plaintiffs also argue that fact discovery regarding all of Plaintiffs' claims will overlap to the extent that the inspection that Reliable Delivery was hired to transport the subject vehicle to was requested by Thor Motor and Mike Thompson RV. (*Id.*) Thus, Plaintiffs claim, potential shared liability for damages and involvement in the inspection are enough to justify joinder of all defendants. (*Id.*)

A. **Legal Standard**

Under Federal Rule of Civil Procedure 20, multiple defendants may be joined in one action if: "(1) the plaintiff[] assert[s] any right to relief arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) there are common questions of law or fact." *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). If a joined party fails to meet both of these requirements, the Court may sever the misjoined party. *Id.* at 1351; *see also* Fed. R. Civ. P. 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party.") Rule 20 "is to be construed

liberally in order to promote trial convenience and to expedite the final determination of disputes, thereby preventing multiple lawsuits." *League to Save Lake Tahoe v. Tahoe Reg'l Plan. Agency*, 558 F.2d 914, 917 (9th Cir. 1977); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966) ("[T]he impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged.").

In addition to the Rule 20 requirements, district courts must also "examine whether permissive joinder would 'comport with the principles of fundamental fairness' or would result in prejudice to either side." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1296 (9th Cir. 2000) (quoting *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980)). Therefore, "[e]ven if the standard for permissive joinder under Rule 20(a) is satisfied, district courts have the discretion to refuse joinder in the interests of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." *Harmon v. Brown*, No. 18-CV-1030-WQH-JLB, 2018 WL 6243246, at *1 (S.D. Cal. Nov. 29, 2018) (citing *Coleman*, 232 F.3d at 1296). The Rule 20 requirements and additional discretionary factors will be considered in turn.

**B. Discussion**

    **i. Same Series of Occurrences**

"[T]he 'same transaction' requirement . . . refers to similarity in the factual background of a claim." *Coughlin*, 130 F.3d at 1350. "There is no bright-line definition of 'transaction,' 'occurrence,' or 'series.' Instead, courts assess the facts of each case individually to determine whether joinder is sensible in light of the underlying policies of permissive party joinder." *Walker v. Bryson*, No. 1:11-CV-01195-AWI, 2012 WL 5186658, at *4 (E.D. Cal. Oct. 16, 2012) (citing *Coughlin*, 130 F.3d at 1350).

District courts in this circuit have found that the first prong of Rule 20 is satisfied in cases involving overlapping damages caused by multiple defendants. *See, e.g.*, *Jacques v. Hyatt Corp.*, No. C 11-05364 WHA, 2012 WL 3010969 (N.D. Cal. July 23, 2012); *Gonzales v. Wal-Mart Stores, Inc.*, No. 2:14-CV-00230-JCM, 2014 WL 2591690,

at *6–7 (D. Nev. May 22, 2014), *report and recommendation adopted*, No. 2:14-CV-230 JCM NJK, 2014 WL 2591499 (D. Nev. June 10, 2014). The same logic applies here. Reliable Delivery's alleged negligence and Thor Motor's alleged breach of warranty are part of a series of occurrences that contributed to the current condition of the subject vehicle. Thus, the Court finds that Plaintiffs' claims meet the transaction or occurrence requirement.

### ii. Common Questions of Law or Fact

The second prong under Rule 20, requiring common questions of law or fact, "is not a particularly stringent test, as there need only be one common question of law or fact." *E.C. v. Lincoln Mil. Prop. Mgmt. LP*, No. 21-CV-2070 JLS (BLM), 2022 WL 4241734, at *5 (S.D. Cal. Sept. 13, 2022) (quotation omitted); *see also* Fed. R. Civ. P. 20(a)(2) (Persons . . . may be joined in one action as defendants if . . . *any* question of law or fact common to all defendants will arise in the action." (emphasis added)). Further, "commonality in the context of joinder does not require the common question to be the predominant issue in the litigation." *Lincoln Mil. Prop. Mgmt. LP*, 2022 WL 4241734, at *5.

The Court finds here that common questions exist. Overlapping questions of fact will arise with regard to the cause and extent of damages to the subject vehicle as well as the corresponding apportioned liability. Accordingly, Plaintiffs' claims meet the second threshold requirement under Rule 20.

### iii. Fundamental Fairness

Having determined that joinder is proper under Rule 20, the Court turns to whether joinder comports with the principles of fundamental fairness or would result in prejudice. *See Desert Empire Bank*, 623 F.2d at 1375. Specifically, the Court will consider whether severance will avoid prejudice and duplicative discovery efforts and promote judicial economy. *See Lincoln Mil. Prop. Mgmt. LP*, 2022 WL 4241734, at *5; *Coleman*, 232 F.3d at 1296–97.

Thor Motor has not demonstrated that allowing Reliable Delivery to remain in the instant action would contravene the principles of fundamental fairness. Thor Motor states in a conclusory fashion that severance is proper due to complexity of actual proof, jury misunderstandings, and efficient disposition of issues.[2] (ECF No. 7-1, at 16.) Without more, the Court is unconvinced that severance would avoid prejudice and duplicative discovery efforts and promote judicial economy. In fact, the Court finds that retaining Reliable Delivery as a defendant would be more efficient than dividing this action into two separate cases, which would in turn create duplicative discovery regarding liability and damages. Accordingly, the Court declines to use its discretion to drop Reliable Delivery from the present suit. Thor Motor's motion to sever is denied.

### III. MOTION TO TRANSFER VENUE

Under 28 U.S.C. section 1404(a), "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." When determining whether to transfer an action, a court "weighs multiple factors, including: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof." *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). The ultimate determination is subject to the discretion of the court and must be made on a case-by-case basis. *Id.* at 498.

---

[2] Thor Motor also argues that joinder would frustrate their agreement with Plaintiffs to resolve their disputes in the courts of Indiana. (ECF No. 7-1, at 15.) As discussed *infra*, whether Reliable Delivery remains a defendant in this action has no bearing on the Court's holding with regards to the motion to transfer, making Thor Motor's frustration argument moot.

An action may be transferred under section 1404 where the parties entered into an agreement that includes a valid forum-selection clause. *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 59 (2013). When a district court is evaluating a defendant's motion to transfer based on a forum-selection clause, the normal section 1404(a) analysis changes. *Id*. at 63. The court should give no weight to the plaintiff's choice of forum or "private interests." *Id*. at 62–63. Instead, the court need only consider arguments about public interest factors. *Id*. at 64. But those "factors will rarely defeat a transfer motion." *Id*. The forum-selection clause must be "given controlling weight in all but the most exceptional cases." *Id*. at 60.

"The plaintiff 'must bear the burden of showing why the court should not transfer the case to the forum to which the parties agreed.'" *Yei A. Sun v. Advanced China Healthcare, Inc.*, 901 F.3d 1081, 1087 (9th Cir. 2018). Forum-selection clauses may be unenforceable "if enforcement would contravene a strong public policy of the forum in which suit is brought." *Doe 1 v. AOL LLC*, 552 F.3d 1077, 1083 (9th Cir. 2009); *Holland Am. Line, Inc. v. Wartsila N. Am., Inc.*, 485 F.3d 450, 457 (9th Cir. 2007); *Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 325 (9th Cir. 1996). However, "in order to prove that enforcement of [a forum-selection clause] 'would contravene a strong public policy of the forum in which suit is brought,' the plaintiff must point to a statute or judicial decision that clearly states such a strong public policy." *Yei A. Sun*, 901 F.3d at 1090 (internal citation omitted).

Here, in this Song-Beverly and Magnuson-Moss action, there is no dispute Plaintiffs signed an agreement with Thor Motor that contained a clause designating Indiana as the exclusive venue for any actions arising from the sale of the vehicle. The issue is therefore whether the Court should transfer this action to Indiana based on that clause.

Plaintiffs argue the forum selection clause should not be enforced because it would result in Plaintiffs losing rights that are unwaivable under California law. (ECF No. 14, at 8–13.) Plaintiffs specifically point to the agreement's pre-suit jury waiver and the

choice-of-law clause applying Indiana law to all claims and controversies. The choice-of-law provision would cause Plaintiffs to lose any protections under California's Song-Beverly Act that do not exist under Indiana law, which is contrary to public policy. *See* Cal. Civ. Code § 1790.1 ("[A]ny waiver by the buyer of consumer goods of the provisions of this chapter, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void."); *Murillo v. Fleetwood Enters., Inc.*, 17 Cal. 4th 985, 990 (1998) ("[T]he Song-Beverly Act is strongly pro-consumer, expressly providing that waiver of its provisions by a buyer, except as expressly provided in this chapter, shall be deemed contrary to public policy and shall be unenforceable and void." (internal quotation marks and citation omitted)). The jury waiver is likewise prohibited under California law. *See* Cal. Civ. Proc. Code § 631(a) ("[T]he right to a trial by jury as declared by Section 16 of Article I of the California Constitution shall be preserved to the parties inviolate."); *Handoush v. Lease Fin. Grp., LLC*, 41 Cal. App. 5th 729, 735 (2019) (noting California has a "fundamental public policy protecting the jury trial right and prohibiting courts from enforcing predispute jury trial waivers").

Thor Motor does not argue the choice-of-law clause conforms to California public policy. (ECF No. 7-1, at 13) ("Thor recognizes the California legislature made, with certain exceptions, a buyer's rights under Song-Beverly essentially unwaivable.") Thor Motor also does not argue the jury waiver as to the state law claims is enforceable. (*Id.*) Instead, Thor Motor offers to stipulate that Plaintiffs may pursue claims under California law and receive a jury trial in Indiana. *See Verdugo v. Alliantgroup, L.P.*, 237 Cal. App. 4th 141, 158 (2015) (stating that stipulation as to unwaivable rights may alter transfer analysis). Plaintiffs have not agreed to those stipulations. Thor Motor alternatively proposes the Court sever the jury waiver clause under California Civil Code sections 1599 and 1670.5. (ECF No. 16, at 6.)

Without the choice-of-law and jury waiver clauses, the public policy concerns Plaintiffs raise would be eliminated. But accepting Thor Motor's stipulations or severing

the clauses would also contravene California public policy.  In its reply, Thor Motor states that it knowingly presents agreements to California consumers containing clauses that are prohibited under California law.  (ECF No. 16, at 5) (Thor Motor "is fully cognizant of California's prohibition of" pre-suit contractual jury waivers.)  When arguments about these types of clauses are initially raised in California courts, Thor Motor may agree to stipulate them away.[3]  But there may be California consumers who file suit in Indiana originally, only to later discover that they somehow lost certain unwaivable rights. That scheme is contrary to California public policy and the Court should not condone or encourage it.  *See, e.g., Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 129 (2000) ("[A]n employer will not be deterred from routinely inserting such a deliberately illegal clause into the arbitration agreements it mandates for its employees if it knows that the worst penalty for such illegality is the severance of the clause after the employee has litigated the matter. In that sense, the enforcement of a form arbitration agreement containing such a clause drafted in bad faith would be condoning, or at least not discouraging, an illegal scheme, and severance would be disfavored unless it were for some other reason in the interests of justice."); *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972) (A "choice-of-forum clause should be held unenforceable if enforcement would contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.").

      Overall, Plaintiffs met their heavy burden.  Again, enforcing the forum-selection clause, in combination with the other clauses, would contravene strong California public policy.  Moreover, severing the other clauses or accepting Thor Motor's proposed stipulations would likewise contravene California public policy because it would not deter the drafter from including such a clause. *See, e.g., Armendariz, Inc.*, 24 Cal. 4th at

---

[3] Other district courts have transferred actions based on similar stipulations. *See, e.g.*, *Baxter v. Thor Motor Coach, Inc.*, No. 219CV01532JAMCKD, 2020 WL 1911549 (E.D. Cal. Apr. 20, 2020); *Derosa v. Thor Motor Coach, Inc.*, No. 220CV04895SVWPLA, 2020 WL 6647734 (C.D. Cal. Sept. 30, 2020).

129. The Court therefore declines to sever those clauses and rejects Thor Motor's proposed stipulations.

Thor Motor does not argue transfer is warranted under section 1404 even in the absence of an enforceable forum selection clause (*i.e.*, based on the normal 1404 factors). *Jones*, 211 F.3d at 499. Regardless, the applicable factors demonstrate California is the more appropriate forum.

## IV. CONCLUSION

For the reasons stated above, Thor Motor's motion to transfer venue and sever claims against Reliable Delivery is **DENIED**.

**IT IS SO ORDERED.**

Dated: January 13, 2023

Hon. M. James Lorenz
United States District Judge