UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARYCK and SANGAM SHETH,<br><br>                              Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC., MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS, RELIABLE DELIVERY SERVICES, INC., and DOES 1–20,<br><br>                              Defendants. | Case No.: 22-cv-1096-L-MDD<br><br>**ORDER GRANTING MOTION TO SET ASIDE DEFAULT**<br><br>**[ECF No. 12]** |

      Pending before the Court is Defendant Reliable Delivery Services, Inc.'s ("Reliable Delivery") motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c). (ECF No. 12.) The motion is unopposed. (*See* ECF No. 22.) The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

**I.      BACKGROUND**

      Plaintiffs filed a complaint on July 27, 2022, asserting fives causes of action including a claim for professional negligence against Reliable Delivery. (ECF No. 1.) When Reliable Delivery failed to respond to the complaint, Plaintiffs filed a motion for entry of default on September 7, 2022. (ECF No. 9.) The clerk of the court entered default as to Reliable Delivery two days later. (ECF No. 9.) On September 20, 2022, Reliable Delivery filed the present motion to set aside the entry of default. (ECF No. 12.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 55 provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In assessing good cause, the court considers three factors: "(1) whether [the defendant] engaged in culpable conduct that led to the default; (2) whether [the defendant] had a meritorious defense; or (3) whether reopening the default judgment would prejudice [the plaintiff]." *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004). "As these factors are disjunctive, the district court [is] free to deny the motion 'if any of the three factors [is] true.'" *Id.* (quoting *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000)). The movant bears "the burden of showing that any of these factors favor[s] setting aside the default." *Id.*

## III. DISCUSSION

The Court addresses each "good cause" factor in turn.

### A. Culpability

For purposes of Rule 55, "[a] defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Grp. Life Ins. Plan v. Knoebber*, 244 F.3d 691, 697 (9th Cir. 2001)). But this requirement demands more than the movant "simply . . . having made a conscious choice not to answer." *Id.* "[T]he movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process.'" *Id.* (quoting *TCI Grp.*, 244 F.3d at 697).

The Court finds no bad faith or culpable conduct in Reliable Delivery's failure to respond to the complaint. Reliable Delivery's counsel submitted a declaration explaining that he was erroneously informed that service of the complaint was effectuated August 23, 2022, when in fact service was effectuated on July 28, 2022. (ECF No. 12-2, at 1–2.) Attached to the declaration is ample evidence that upon learning of the motion for entry

of default, Reliable Delivery's counsel acted promptly to resolve the issues with Plaintiffs' counsel. (*See* ECF No. 12-3.) The circumstances simply do not suggest bad faith rather than mistake or inadvertence. Therefore, this factor favors setting aside the entry of default.

### B.    Meritorious Defense

"All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094. "'[T]he question whether the factual allegation is true' is not to be determined by the court when it decides the motion to set aside the default" as that question is more appropriately "the subject of later litigation." *Id.* (quoting *TCI Grp.*, 244 F.3d at 700). The Court notes that meeting the meritorious defense requirement is not an "extraordinarily heavy" burden. *Id.*

Reliable Delivery argues that it has several meritorious defenses going to the heart of this case, including but not limited to, disputing the nature of any property damage to the subject vehicle. (ECF NO. 12-1, at 5.) Reliable Delivery also asserts that it would prevail on a motion to strike civil penalty and punitive damages as the claims against it do not suggest oppressive, fraudulent, and malicious conduct. (*Id.* at 5–6.) Reliable Delivery further alleges that this Court lacks subject matter jurisdiction and thus it would prevail on a motion to dismiss. (*Id.* at 6.)

Reliable Delivery has sufficiently alleged facts that, if true, would constitute a defense. Moreover, in light of the general rule that "[c]ases should be decided upon their merits whenever reasonably possible," *Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986), the Court finds that this factor weighs in favor of setting aside default.

### C.    Prejudice

Setting aside an entry of default "must result in greater harm than simply delaying resolution of the case" to be considered prejudicial. *Mesle*, 615 F.3d 1095 (quoting *TCI Grp.*, 244 F.3d at 701). Rather, "[t]he standard is whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984).

The Court finds that Plaintiffs will not be prejudiced by setting aside the entry of default. There is nothing to suggest that Plaintiffs' ability to pursue their claims would be hindered by setting aside the entry of default, especially at this early stage of litigation before discovery has taken place. Accordingly, the Court finds that this factor, like the other factors considered, weighs in favor of setting aside default.

## IV. CONCLUSION

For the reasons stated above, Reliable Delivery's motion to set aside default is **GRANTED**.

**IT IS SO ORDERED.**

Dated: January 18, 2023

_____
Hon. M. James Lorenz
United States District Judge