UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARYCK and SANGAM SHETH,<br><br>Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC., MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS, RELIABLE DELIVERY SERVICES, INC., and DOES 1–20,<br><br>Defendants. | Case No.: 22-cv-1096-L-MDD<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO FILE THEIR FIRST AMENDED COMPLAINT AND STRIKING AMENDED COMPLAINT (ECF No. 15)**<br><br>**[ECF No. 17]** |

The time for Plaintiffs to amend their complaint as a matter of right has passed and Defendants have not provided written consent to allow amendment. As such, Plaintiffs now seek leave of court to file their first amended complaint. (ECF No. 17); *see* Fed. R. Civ. P. 15. Defendants opposed, (ECF No. 18), and Plaintiffs replied, (ECF No. 19). The Court decides the matters on the papers submitted and without oral argument. *See* Civ. L.R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

Plaintiffs filed the initial complaint on July 27, 2022. (ECF No. 1.) Defendants Thor Motor Coach, Inc. ("Thor Motor") and Mike Thompson Recreational Vehicles, Santa Fe Springs ("Mike Thompson RV") answered on August 18, 2022. (ECF No. 3.) The clerk of the court entered default as to Defendant Reliable Delivery Services, Inc. ("Reliable Delivery") on September 9, 2022, and Reliable Delivery filed a motion to set aside said entry of default on September 20, 2022. (ECF Nos. 10, 12.) The Court granted Reliable Delivery's motion on January 17, 2023. (ECF No. 23.)

In the original complaint, Plaintiffs asserted five causes of action: (1) breach of implied warranty of merchantability pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794 against all defendants, (2) breach of express warranty pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794 against all defendants, (3) failure to promptly repurchase product pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1793.2(d) against Thor Motor, (4) failure to commence repairs within a reasonable time and to complete them within 30 days pursuant to 15 U.S.C. § 2310(d) and Cal. Civ. Code § 1794 against all defendants, and (5) professional negligence against Reliable Delivery. (*See* ECF No. 1.)

Plaintiffs filed the instant motion for leave to file an amended complaint on October 28, 2022, which included a proposed first amended complaint. (ECF No. 17.) Plaintiffs' proposed first amended complaint clarifies that the first four causes of action are asserted against Thor Motor and Mike Thompson RV only, not Reliable Delivery. (ECF No. 17, at 10–16.)  Further, Plaintiffs seek to add claims for fraud, negligent misrepresentation, and unfair competition against Thor Motor and Mike Thompson RV arising out of additional facts learned since the original complaint was filed. (*Id.* at 18–21; ECF No. 17-1, at 4.)

## II.  DISCUSSION

Leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).  In considering whether to grant leave to amend, the Court considers five factors: (1) undue delay, (2) bad faith, (3) repeated failures to cure deficiencies by previous amendments, (4) prejudice to the opposing party, and (5) futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).  "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap.*, 316 F.3d at 1052.  "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987)

(citation omitted).  As the burden lies with Defendants, the Court only addresses the factors Defendants discuss in their brief.

### A. Undue Delay

The first factor refers to whether the party filing the motion for leave to amend "unduly delayed in filing their motion." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990).  "Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Id.* at 1389.  Courts may also look to whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id.* at 1387.

Absent support by declaration, it is unclear whether Plaintiffs' proposed additional claims are based on facts learned after the original complaint was filed.  (*See* ECF No. 17-1, at 6.)  Nonetheless, where the motion for leave was filed just three months after the commencement of the present action, the Court declines to find that Plaintiffs unduly delayed in filing this motion or that amendment will substantially delay litigation at this early stage of proceedings.  *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("To show undue delay, the opposing party must at least show delay past the point of initiation of discovery; even after that time, courts will permit amendment provided the moving party has a reasonable explanation for the delay."); *Zoe Mktg., Inc. v. Impressons, LLC*, No. 14CV1881 AJB (WVG), 2015 WL 12216340, at *2 (S.D. Cal. Apr. 9, 2015) ("[U]ndue delay will not result from granting Defendant leave to amend given that the case remains in the early stages of discovery.").  It follows that this factor weighs in favor of granting leave.

### B. Bad Faith

Defendants argue that Plaintiffs brought the present motion in bad faith because it is "based on the wrongful motivation of improperly undermining Defendants' Motion to Transfer this matter to the Federal Courts of Indiana." (ECF No. 18, at 8.)  This

argument is moot in light of this Court's order denying Defendants' motion to transfer.[1] Thus, Defendants have not shown that Plaintiffs acted in bad faith and this factor weighs in favor of granting leave.

### C. Prejudice

Lastly, Defendants contend that if Plaintiffs included the proposed causes of action in the first place, Defendants' counsel would have greatly changed its opening litigation strategy. (ECF No. 18, at 5.) Defendants therefore argue that they will be prejudiced if amendment is allowed because they already answered the original complaint and formulated a litigation strategy accordingly. (*Id.* at 7.)

"[T]o justify denial of leave to amend, the prejudice must be substantial." *Piper Jaffray & Co. v. Mktg. Grp., USA, Inc.*, No. 06-CV-2478-H (POR), 2007 WL 9776639, at *3 (S.D. Cal. July 12, 2007). The Court finds that Defendants have not shown that they will be substantially prejudiced by the proposed amendments. There has been no discovery conducted in this case since the filing of Plaintiffs' original complaint, and the Court has yet to set any discovery deadlines. (ECF No. 18-1, at 3–4.) Therefore, allowing amendment would not render moot any work Defendants have done so far or require them to drastically change their litigation strategy. Additionally, any costs incurred by Defendants in responding to the new related causes of action do not rise to the level of substantial prejudice. Absent a showing of prejudice or bad faith, the Court must grant leave for Plaintiffs to file an amended complaint. *See Howey v. United States*, 481 F.2d 1187, 1190–91 (9th Cir. 1973) ("Where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous, or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion.").

---

[1] Even though Plaintiffs filed an amended complaint before the hearing date on Defendants' motion to transfer, the amended complaint was improperly filed and therefore did not supersede the original complaint. Thus, in deciding Defendants' motion to transfer, the Court relied on the original complaint filed on July 27, 2022, the operative complaint at the time.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to file an amended complaint is **GRANTED**. Plaintiffs shall file an amended complaint no later than **January 24, 2023**. Additionally, the Court **STRIKES** Plaintiffs' improperly filed first amended complaint. (ECF No. 15).

**IT IS SO ORDERED.**

Dated:  January 18, 2023

_____
Hon. M. James Lorenz
United States District Judge