UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES WARYCK & SANGAM SHETH,<br><br>        Plaintiffs,<br><br>v.<br><br>THOR MOTOR COACH, INC.; MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS; RELIABLE DELIVERY SERVICES, INC.; and DOES 1–20;<br><br>        Defendants. | Case No.:  22-cv-1096-L-KSC<br><br>**ORDER:**<br><br>**DENYING MOTION TO DISMISS [ECF No. 30]**<br><br>**GRANTING MOTION TO STRIKE [ECF No. 31]** |

Pending before the Court is Defendant Reliable Delivery Services, Inc.'s ("Reliable Delivery") motion to dismiss for lack of subject matter jurisdiction, (ECF No. 30), and motion to strike, (ECF No. 31). Plaintiffs James Waryck and Sangam Sheth ("Plaintiffs") opposed, (ECF No. 32), and Reliable Delivery replied, (ECF No. 33). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Reliable Delivery's motion to dismiss is denied and the motion to strike is granted.

**I.     BACKGROUND**

According to the operative amended complaint, Plaintiffs purchased a motor home, the subject vehicle, on or about December 15, 2020, that has numerous manufacturing defects. (ECF No. 25, at 4–5.) Plaintiffs allege that Defendants Thor Motor Coach, Inc. ("Thor Motor") and Mike Thompson Recreational Vehicles, Santa Fe Springs ("Mike Thompson RV") breached various warranties in violation of state and federal law arising from the defects. (*Id.* at 6–16.)

1  Reliable Delivery operates a tow truck company that was hired to transport the
2  subject vehicle to an inspection being done in connection with the manufacturing defects
3  at issue.  (*Id.* at 16.)  During transport, Reliable Delivery crashed the subject vehicle into
4  an overpass.  (*Id.* at 17.)  Plaintiffs state the subject vehicle has been damaged beyond
5  repair and its structural integrity is in doubt.  (*Id.*)  Based on these facts Plaintiffs bring a
6  single negligence claim against Reliable Delivery.  (*Id.* at 16.)

7  Thor Motor and Mike Thompson RV previously moved *inter alia* to sever the
8  negligence claim Reliable Delivery Services.  (ECF No. 7.)  This Court denied the
9  motion, finding that the negligence claim was properly joined under Federal Rule of Civil
10 Procedure 20 which requires that joined claims arise from the same transaction or
11 occurrence.  (ECF No. 20.)  Reliable Delivery now moves to dismiss the claim against
12 them pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter
13 jurisdiction.  (ECF No. 30.)

## II. MOTION TO DISMISS

Reliable Delivery moves to dismiss Plaintiff's negligence claim specifically on the grounds that this Court lacks supplemental subject-matter jurisdiction under 28 U.S.C. § 1367.  (ECF No. 30, at 4–5.)

### A. Legal Standard

A district court that has original jurisdiction over a civil action "shall have supplemental jurisdiction," subject to express limitations not applicable here,[1] "over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."  28 U.S.C. § 1367(a).  "Nonfederal

---

[1] Limitations to § 1367(a) are found in subsections (b) and (c).  Exclusions under subsection (b) only apply to diversity cases, *see* § 1367(b) ("In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title . . . ."), and dismissal under subsection (c) is discretionary rather than jurisdictional, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009) ("When a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d).").

claims are part of the same case as federal claims when they derive from a common nucleus of operative fact and are such that a plaintiff would ordinarily be expected to try them in one judicial proceeding." *Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925 (9th Cir. 2003) (internal quotations omitted).

B. **Discussion**

The Court has original federal question jurisdiction over the claims for breach of warranty as they allege violations of federal law. *See* 28 U.S.C. § 1331. The question then is whether the Court has supplemental jurisdiction over Plaintiffs' state-law negligence claim.

"The requirement that the claims [joined under Rule 20] share a transaction or occurrence certainly will satisfy § 1367(a)." 13D Charles Alan Wright & Arthur J. Miller, *Federal Practice and Procedure* § 3567.1 (3d ed. 2023); *see also Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 557–67 (2005) (holding the district court had supplemental jurisdiction over claims brought by plaintiffs properly joined under Rule 20 that did not satisfy the amount-in-controversy requirement for diversity jurisdiction); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 935 (9th Cir. 2001) ("If there is subject matter jurisdiction over [] one claim, there is supplemental jurisdiction over all the other claims that are transactionally related."). To be sure, the final sentence of § 1367(a) provides that "[s]uch supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties."

This Court previously held that "Reliable Delivery's alleged negligence and Thor Motor's alleged breach of warranty are part of a series of occurrences that contributed to the current condition of the subject vehicle," and thus "Plaintiffs' claims meet the transaction or occurrence requirement" under Rule 20. (ECF No. 20, at 5.) It follows that Plaintiffs' claims also satisfy the common nucleus requirement for a grant of supplemental jurisdiction under § 1367. Accordingly, this Court has supplemental

subject matter jurisdiction over Plaintiffs' negligence claim and Reliable Delivery's motion to remand is denied.

### III. MOTION TO STRIKE

Reliable Delivery moves to strike Plaintiffs' prayer for punitive damages. (ECF No. 31-1, at 4.) A Rule 12(f) motion to strike allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Under California law, punitive damages are available in connection with negligence claims "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice." Cal. Civ. Code. § 3294. Reliable Delivery argues that Plaintiffs' allegations are insufficient under California Civil Code section 3294 to give rise to punitive damages.

As an initial matter, Reliable Delivery applies the wrong standard for evaluating the sufficiency of Plaintiffs' claim for punitive damages. "California Civil Code section 3294 'is a state procedural rule not implicated in federal court.'" *Strojnik v. Braemar P'ship*, No. 19-CV-01446-BAS-AHG, 2020 WL 3250184, at *3 (S.D. Cal. June 16, 2020) (quoting *Rees v. PNC Bank, N.A.*, 308 F.R.D. 266, 273 (N.D. Cal. 2015)). Moreover, unlike section 3294, under the federal pleading standard "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). "Accordingly, in federal court, a plaintiff may include a short and plain prayer for punitive damages that relies entirely on unsupported and conclusory averments of malice or fraudulent intent." *Strojnik*, 2020 WL 3250184, at *3 (quoting *Rees*, 308 F.R.D. at 273).

In the amended complaint, Plaintiffs allege that "Defendant [Reliable Delivery] represented to Plaintiffs and Defendants that the Subject Vehicle needed to be returned to the storage lot as the California Highway Patrol would not allow it to be towed on the freeway. This was a false statement." (ECF No. 25, at 17.) Plaintiffs make no other allegations concerning Reliable Delivery's intent or state of mind. Notably, Plaintiffs do not allege that Reliable Delivery maliciously caused damage to the subject vehicle or

intentionally caused the crash.  Merely alleging that Reliable Delivery made a false statement after the fact is not enough to support a claim for punitive damages, even under the low pleading threshold of Rule 9.  Reliable Delivery's motion to strike is therefore granted.

## IV.     CONCLUSION

Reliable Delivery's motion to dismiss is **DENIED**.  Reliable Delivery's motion to strike is **GRANTED** as to Plaintiffs' prayer for punitive damages only as to Reliable Delivery.  Plaintiffs maintain their claim for punitive damages against all other Defendants.  Reliable Delivery must file an answer to the amended complaint no later than **July 7, 2023**.

**IT IS SO ORDERED.**

Dated:  June 23, 2023

_____
Hon. M. James Lorenz
United States District Judge