**Julian McMillan (SBN241937)**
**McMillan Law Group, APC**
4655 Cass St., Suite 404
San Diego, CA 92109
PH: 619.795.9430
FX: 619.241.8291

Attorney for Plaintiffs
JAMES WARYCK & SANGAM SHETH

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

JAMES WARYCK & SANGAM SHETH,

Plaintiff

v.

THOR MOTOR COACH, INC., MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS, RELIABLE DELIVERY SERVICES, INC AND DOES 1-20

Defendants

Case No.: 3:22-cv-01096-L-MDD

**SECOND AMENDED COMPLAINT FOR DAMAGES**

JAMES WARYCK and SANGAM SHETH, Plaintiffs (hereinafter collectively as "Plaintiffs") bring this action against THOR MOTOR COACH, INC. (hereinafter "Thor"), MIKE THOMPSON RECREATIONAL VEHICLES, SANTA FE SPRINGS (hereinafter "Mike Thompson") RELIABLE DELIVERY SERVICES, INC. (hereinafter, "RDS"), and FORD MOTOR COMPANY, INC. ("Ford") (collectively as "The Parties"), and alleges as follows:

## PARTIES

1. Plaintiffs in this action are both individuals, and at all times relevant hereto, resided in the County of Los Angeles, State of California.

2. Plaintiffs are, and were, at all times mentioned herein, natural persons residing in Los Angeles, CA, which is located in the County of Los Angeles, in the State of California.

3. Plaintiffs are "buyers" of consumer goods under Cal. Civ. C. § 1791(b).

4. Plaintiffs are "consumers" as defined in 15 U.S.C. § 2301(3).

5. Defendant Thor is a Delaware corporation doing business through multiple dealerships throughout Southern California. Defendant Thor is headquartered in Indiana.

6. Defendant Thor's primary business purpose is the manufacture and sale of Motorhomes. Defendant Thor is the largest manufacturer of Motorhomes in North America.

7. Defendant Thor is a "manufacturer" and/or a "distributor" as that term is defined under the Song-Beverly Act.

8. Defendant Thor is an entity engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

9. Defendant Thor is a "Supplier" and a "Warrantor" as that term is defined under 15 U.S.C. §§ 2301(4), and (5).

10. Defendant Mike Thompson is a California Corporation whose primary business purpose is the retail sale of Ford and Lincoln motor vehicles.

11. Defendant Mike Thompson is a California Corporation doing business throughout Southern California.

12. At all times relevant hereto, Defendant Mike Thompson was, and is, an automobile dealership.

13. Defendant RDS operates a tow truck business.

14. Defendant Ford is a Delaware corporation incorporated in and existing under the laws of the state of Delaware and having its principal place of business in Delaware.

15. All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

16. Each Defendant whether actually or fictitiously named herein was the principal agent (actual or ostensible) or employee of each other Defendant and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omission hereinafter set forth by reason of which each Defendant is liable to Plaintiffs for the relief prayed for herein.

17. The claims identified in this Complaint arise out of the sale of a vehicle from Defendant Mike Thompson, as well as the failure to repair said vehicle by all Defendants.

## JURISDICTION

18. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as Plaintiffs bring their claims under 15 U.S.C. §2310 *et. seq.*

19. This Court further has supplemental jurisdiction over Plaintiffs' state law causes of action pursuant to 15 U.S.C. § 1367, as they arise out of a common nucleus of operative fact and are intertwined and interrelated.

20. Unless otherwise specifically stated, the allegations contained herein occurred in the County of Los Angeles, State of California.

## GENERAL ALLEGATIONS

21. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

22. On or about December 15, 2020, Plaintiffs and Defendants entered into a Motor Vehicle Purchase Agreement ("Purchase Agreement") providing for the Purchase of a 2019 Thor (VIN: 1F66F5DN7L0A10009) ("Vehicle").

23. Plaintiffs purchased the Vehicle primarily for personal, family, or household purposes.

24. The Vehicle is a "Motor Home" as that term is defined in Cal Civ. C. § 1793.22(e)(3).

25. On information and belief, Defendant Ford manufactures heavy duty Vans and similar vehicle chassis which it supplies to Defendant Thor. Defendant Thor, with Defendant Ford's knowledge and consent, then heavily modifies the Ford vehicles to make them into motorhomes.

26. Plaintiffs purchased the Vehicle from Defendant Thor. At all times relevant hereto, Defendant Thor engaged in the business of manufacturing, distributing, or selling consumer goods at retail.

27. Defendant Thor provided an express warranty as part of the sale of the Vehicle to Plaintiffs.

28. The express warranty provided, in relevant part, that in the event a defect developed with the Vehicle during the warranty period,

Plaintiffs could deliver the Vehicle for repair services to Defendants' representative(s) and the Vehicle would be repaired.

29. Defendant Thor also provided an implied warranty of merchantability on the Vehicle.

30. Defendant Ford provided a separate express warranty on the chassis portion of the Vehicle.

31. Defendant Ford also provided a separate implied warranty of merchantability on the chassis portion of the Vehicle.

32. The aforementioned warranties provided by Defendant Thor were material conditions which induced Plaintiffs to purchase the Vehicle.

33. Plaintiffs brought the Vehicle to Defendants' authorized repair facilities on eight separate occasions while the Vehicle was covered by both Thor and Ford's respective warranties. The defects and non-conformities include, but are not limited to:

> Toilet failure and blockage which caused wastewater to leak into the cabin;
> Brake Failure;
> Electrical system failures, including "check engine" lights, headlights failing to turn on and at times, turning off, and in-dash instrument lighting failures.
> Multiple leaks from the exterior and from the on board water tanks;
> Generator Failure;
> Issues with the Vehicle Floor which cause it to "bow"
> Detachment of the Vehicle Exhaust System;
> Suspension failures and spring failures.
> Insulation failures that caused leaking in multiple locations whenever it rained

*SECOND AMENDED COMPLAINT FOR DAMAGES*

Drop-down bed failed to open and/or close properly

34. In total, Plaintiffs brought the Vehicle in for repair to Defendants' authorized repair facilities a multitude of times, and Defendants' authorized repair facilities have spent well in excess of thirty non-consecutive days attempting repair of the aforementioned defects and non-conformities, which constitute an excessive amount of time that the Vehicle has been at Defendants' authorized repair facilities.

35. After each of the service appointments described above, when Plaintiffs picked up the Vehicle, the defects described herein continued and had not been repaired.

36. For the remainder of the applicable warranty period, the Vehicle's defects described herein remained unrepaired despite the multiple times Plaintiffs brought the Vehicle to Defendants for repair.

37. On information and belief, Defendant Thor Motor Coach and Mike Thompson RV willfully concealed modifications to the Ford Chassis for the Subject Vehicle. This modification (a) voided any warranty from Ford and (b) is argued to be the source of the issues with the Subject Vehicle.

## FIRST CLAIM FOR RELIEF

BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

(15 U.S.C §2310(d) AND CAL. CIV. CODE §1794)

AS TO DEFENDANTS THOR MOTOR COACH, MIKE THOMPSON RV, and FORD

38. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

//

//

39. Pursuant to 15 U.S.C. § 2301 and Cal. Civ. Code §§ 1792 and 1791.1, Defendants offered and sold the Vehicle accompanied by an implied warranty of merchantability.

40. The implied warranty of merchantability means and includes that the Vehicle will comply with each of the following requirements: (1) the Vehicle will pass without objection in the trade under the contract description; (2) the Vehicle is fit for the ordinary purposes for which such goods are used; (3) The Vehicle is adequately contained, packaged, and labeled; and (4) The Vehicle will conform to the promises or affirmations of fact made on the container or label.

41. During the period in which the implied warranty was in effect, the Vehicle contained or developed defects stated above. The existence of these defects constitutes a breach of the implied warranty because the Vehicle (1) does not pass without objection in the trade under the contract description, (2) is not fit for the ordinary purposes for which such goods are used, (3) is not adequately contained, packaged, and labeled, and (4) does not conform to the promises or affirmations of fact made on the container or label.

42. The duration of the implied warranty is coextensive in duration with the duration of the express warranty provided by Defendants.

43. Despite bringing the Vehicle in for repair on at least eight (8) separate occasions, Defendants failed to repair the Vehicle.

44. Additionally, as the Vehicle has been at Defendants' authorized repair facilities for at least one-hundred and thirty-three (133) non-consecutive days, Defendants violated Cal. Civ. Code § 1792(b).

45. Plaintiffs have rightfully rejected and/or justifiably revoked acceptance of the Vehicle and have exercised their right to cancel the sale. By serving this Complaint, Plaintiffs do so again.

46. Accordingly, Plaintiffs seek the remedies provided in California Civil Code section 1794(b)(1), including the entire purchase price.

47. In addition, Plaintiffs seek the remedies set forth in California Civil Code §1794(b)(2), including the diminution in value of the Vehicle resulting from its defects. Plaintiffs believe that, at the present time, the Vehicle's value is *de minimis*.

48. Plaintiffs were damaged by Defendants' failure to comply with its obligations under the implied warranty, and therefore bring this claim pursuant to 15 U.S.C. §2310(d) and Civil Code §1794.

## SECOND CLAIM FOR RELIEF
FOR BREACH OF EXPRESS WARRANTY

(15 U.S.C. § 2310(d) AND CAL. CIV. CODE §1794)

AS TO DEFENDANTS THOR MOTOR COACH, MIKE THOMPSON RV, AND FORD

49. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

50. In accordance with both Defendant Ford's express warranty, and Defendant Thor's express warranty, Plaintiffs delivered the Vehicle to Defendants' authorized repair provider in this state, to perform warranty repairs. Plaintiffs did so within a reasonable time.

51. Despite bringing the Vehicle in for repair on at least eight (8) separate occasions, Defendants failed to repair the Vehicle.

52. Additionally, as the Vehicle has been at Defendants' authorized repair facilities for at least one-hundred and thirty-three (133) non-consecutive days, Defendants violated Cal. Civ. Code § 1792(b).

53. Plaintiffs have been damaged by Defendants' failure to comply with their obligations under the express warranty, and therefore bring this claim pursuant to 15 U.S.C. § 2310(d) and Civil Code §1794.

54. Defendants' failure to comply with their obligations under the warranty was willful, in that Defendants and their representatives were aware of their obligations to repair the Vehicle under the express warranty, but they intentionally declined to fulfill that obligation. As well, Defendants were aware of the defect when Plaintiffs purchased the Vehicle. Accordingly, Plaintiffs are entitled to a civil penalty of two times actual damages pursuant to Cal. Civ. Code § 1794(c) and 15 U.S.C. § 2310(d).

55. Defendants failed to meet their obligations for their alleged informal dispute resolution mechanism and therefore failed to comply with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant to thereto by the Federal Trade Commission.

## THIRD CLAIM FOR RELIEF BY PLAINTIFFS

FAILURE TO PROMPTLY REPURCHASE PRODUCT

(15 U.S.C. § 2310(D) AND CAL. CIV. CODE § 1793.2(d))

AS TO THOR MOTOR COACH AND FORD

56. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

57. Despite bringing the Vehicle in for repair on at least eight (8) separate occasions, Defendants failed to repair the Vehicle.

58. Additionally, as the Vehicle has been at Defendants' authorized repair facilities for at least one-hundred and thirty-three (133) non-consecutive days, Defendants violated Cal. Civ. Code § 1792(b).

59. Defendants and their representatives in this state have been unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of attempts.

60. Despite this fact, Defendants failed to promptly replace the Vehicle or make restitution to Plaintiffs as required by Civil Code §§

1793.2(d) and 1793.1(a)(2), and therefore bring this claim pursuant to § 1794.

61.  Plaintiffs have been damaged by Defendants' failure to comply with their obligations pursuant to Civil Code §§ 1793.2(d) and 1793.1 (a)(2), and therefore bring this claim pursuant to § 1794.

62.  The provisions of Civil Code § 1793.2(d) existed at the time Defendants gave the express warranty and for that reason, those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendants' violation of § 1793.2(b) was a breach of terms of the express warranty, and Plaintiffs brings this claim pursuant to 15 U.S.C. § 2310(d).

63.  Defendants' failure to comply with their obligations under § 1793.2(d) was willful, in that Defendants and their representative were aware that they were and are unable to service or repair the Vehicle to conform to the applicable express warranties after a reasonable number of repair attempts, yet Defendants failed to promptly replace the Vehicle or make restitution. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d)

64.  Defendants do not maintain a qualified third-party dispute resolution process which substantially complies with § 1793.22. Despite Defendants' violations of § 1793.2(d) and their notice thereof, Defendants failed to comply with their obligations within a reasonable time. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to Civil Code § 1794(e) and 15 U.S.C. § 2310(d).

65.  Plaintiffs seek civil penalties pursuant to § 1794, subdivisions (c) and (e) in the alternative and do not seek to cumulate civil penalties as provided in § 1794(f).

66. Defendants failed to meet their obligations for their alleged informal dispute resolution mechanism and therefore failed to comply with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FOURTH CLAIM FOR RELIEF

### FAILURE TO COMMENCE REPAIRS WITHIN A REASONABLE TIME AND TO COMPLETE THEM WITHIN 30 DAYS
### (15 U.S.C. § 2310(d) AND CAL. CIV. CODE § 1794)
### AS TO DEFENDANTS THOR MOTOR COACH, MIKE THOMPSON RV, AND FORD

67. Plaintiffs incorporate by reference all preceding paragraphs in this Complaint as though fully set forth herein.

68. Plaintiffs brought the Vehicle to Defendants' authorized repair facilities on eight (8) separate occasions, and during those visits, the Vehicle was at Defendants' authorized repair facilities for at least one-hundred and thirty-three (133) non-consecutive days.

69. Although Plaintiffs delivered the Vehicle to Defendants' representative in this state, Defendants and their representatives failed to commence the service or repairs within a reasonable time and failed to service or repair the Vehicle so as to conform to the applicable warranties within 30 days, in violation of Civil Code § 1793.2(b).

70. Plaintiffs have been damaged by Defendants' failure to comply with their obligations pursuant to § 1793.2(b), and therefore bring this claim pursuant to §1794.

71. The provisions of Civil Code § 1793.2(b) existed at the time the Defendants gave the express warranty and for that reason, those provisions were incorporated into the terms of the express warranty by operation of California law. Accordingly, Defendants' violation of § 1793.2(b) was a

breach of the terms of the express warranty, and Plaintiffs bring this claim pursuant to 15 U.S.C. §2310(d).

72. Defendants' failure to comply with their obligations under § 1793.2(b) was willful in that Defendants and their representative were aware that they were obligated to service or repair the Vehicle to conform to the applicable express warranties within 30 days, yet they failed to do so. Accordingly, Plaintiffs are entitled to a civil penalty of two times Plaintiffs' actual damages pursuant to §1794(c) and 15 U.S.C. § 2310(d).

73. Defendants do not maintain a qualified third-party dispute resolution mechanism and therefore failed to comply with the requirements of 15 U.S.C. § 2310(a) and the rules and regulations adopted pursuant thereto by the Federal Trade Commission.

## FIFITH CLAIM FOR RELIEF
### FRAUD AS TO DEFENDANTS THOR MOTOR COACH , MIKE THOMPSON RV, and FORD

74. Plaintiffs incorporate herein each and every allegation set forth in the proceeding paragraphs of this Complaint, as though fully set forth herein and further alleges as follows:

75. Defendant Thor Motor Coach used a company hired Morryde International to alter the chassis from Ford in such a way as to render the warranty from Ford Motor Company null and void.  These Defendants represented that Subject Vehicle came with a full Ford Motor Company Warranty.

76. These Defendants represented that the Subject Vehicle was in good working condition with no history of issues.

77. The representations made by These Defendants detailed above, were not true.

78. The misrepresentations were made by These Defendants.

//

79. At the time of the transaction, These Defendants concealed and/or omitted material facts from Plaintiff, including, but not limited to, that Plaintiffs would not be able to rely upon any warranty from Ford Motor Company.

80. These Defendants had knowledge of the falsity of its representations and/or omissions.

81. Regardless of its actual beliefs, These Defendants made the representations and/or omissions of material facts without any reasonable grounds for believing them to be true.

82. These Defendants failed to exercise due care in ascertaining the accuracy of the representations and/or omissions of fact made to Plaintiffs, the same representations and omissions Plaintiffs relied on in deciding to purchase the Subject Vehicle.

83. Plaintiffs were unaware of the falsity of the representations and/or omissions, acted in reasonable reliance upon the truth of those representations and/or omission, and was justified in relying upon those representations and/or omissions. The false representations were material to the transaction. Plaintiffs would not have purchased the Subject Vehicle if she had not been misled and/or knew the falsity of the representations made by these Defendants.

84. As a direct and proximate result of these Defendant's misrepresentations and/or omissions of material fact, Plaintiffs suffered damages, including actual, consequential, and incidental damages according to proof at trial.

85. These Defendant's conduct constitutes conduct that is oppressive, fraudulent, and/or malicious, entitling Plaintiff to punitive damages under Civil Code §3294, and the acts of Dealership's employees as alleged were authorized or ratified by an officer, director, and/or managing agent of Dealership.

## SIXTH CLAIM FOR RELIEF
### NEGLIGENT MISREPRESENTATION AS TO DEFENDANTS THOR MOTOR COACH, MIKE THOMPSON RV, AND FORD

86. Plaintiffs incorporate herein each and every allegation set forth in the proceeding paragraphs of this Complaint, as though fully set forth herein and further alleges as follows:

87. The representations alleged above and made by Defendants were not true. Regardless of its actual belief(s), Defendants made the representations without any reasonable grounds for believing them to be true.

88. Defendants failed to exercise due care in ascertaining the accuracy of the representations about the Subject Vehicle to Plaintiffs.

89. Plaintiffs relied upon the representations, and acted in reliance, by purchasing the Subject Vehicle.

90. Plaintiff was unaware of the falsity of the representations, and acted in reliance upon the truth of those representations and was justified in relying on those representations.

91. As a direct and proximate result of Defendants' negligent misrepresentations of material facts, Plaintiffs suffered damages, including all actual, consequential, and incidental damages according to proof at trial.

Plaintiffs were fraudulently induced to enter into the sale and, therefore, is entitled to rescission and/or restitution in an amount according to proof at trial, including all actual, consequential, and incidental damages.

## SEVENTH CAUSE OF ACTION
UNFAIR COMPETITION AS TO DEFENDANTS THOR MOTOR COACH, MIKE THOMPSON RV, AND FORD

92. Plaintiffs incorporate herein each and every allegation set forth in the proceeding paragraphs of this Complaint, as though fully set forth herein and further alleges as follows:

93. These Defendants committed acts of unfair competition, as defined by Business and Professions Code §17200, *et seq*. As set forth more fully in the summary of Allegations above, Defendants has engaged in a course of conduct of systematically violating the consumer laws in this State prohibiting the

commitment of deceptive practices, including the laws of fraud and deceit and the various prohibitions contained in the Consumer Legal Remedies Act, Song-Beverly Consumer Warranty Act, California Vehicle Code, and or the Automobile Sales Financing Act.

94. These Defendants engaged in "unlawful" business acts and/or practices by: (1) misrepresenting the quality and/or condition of the Subject Vehicle; (2) selling an unmerchantable vehicle; (3) representing the Subject Vehicle had been inspected, when such inspection did not occur or was performed in such a perfunctory manner as to render it illusory, and/or knowingly selling a defective vehicle; (4) failing to post a Buyer's Guide in the Subject Vehicle prior to sale; (5) advertising the Vehicle with a 3-month warranty when Dealership had no intention to provide and/or honor such warranty; (6) violating the FTC's Warranty Disclosure Rule; and (7) selling the Subject Vehicle in violation of provisions and requirements of the Vehicle Code.

95. The harm to Plaintiffs outweighs the utility of Defendants' policies and practices particularly considering the available alternatives, in that Defendants' policies and practices are immoral, unscrupulous, unethical, and against public policy. Defendants' policies and practices consequently constitute an "unfair" business act or practice within the meaning of Business and Professions Code §17200, *et seq*.

96. Defendants' deceptive policies and practices, as set forth above, also are likely to and/or have deceived Plaintiff. Thus Defendants are engaged in "fraudulent" business practices.

97. Defendants have engaged in, and continues to engage in, the same form of deceptive acts and practices.

98. Defendants' unlawful, unfair and fraudulent business practices present a continuing threat to Plaintiff and others, in that Defendants will continue to utilize similar policies and practices.

//

99. Business and Professions Code § 17203 provides Plaintiffs are entitled to an order enjoining Defendants from engaging in acts or practices that violate Business and Professions Code §17200, as well as providing for equitable monetary relief so as to preclude the retention of all ill-gotten monies by Defendants or so as to restore any monies wrongfully obtained by Defendants to Plaintiffs. Plaintiffs have lost money and suffered injury in fact as a result of Defendants' illegal conduct.

100. Plaintiffs seek such equitable monetary relief, and an order enjoining Defendants from engaging in the acts and practices set forth in this Complaint, imposing an asset freeze or constructive trust over such monies as the Court deems appropriate, as well as compelling a corrective informational campaign to correct the misperceptions in the marketplace created by such conduct.

## EIGTH CLAIM FOR RELIEF

PROFESSIONAL NEGLIGENCE AS TO DEFENDANT RDS

101. Defendant RDS operates a tow truck company in the greater Los Angeles area.

102. In the context of this litigation and in an effort to procure early resolution, Plaintiffs allowed Defendants Thor and Mike Thompson RV, and Ford Motor Company to conduct an inspection of the Subject Vehicle.

103. Due to excessive defects with the Subject Vehicle, Defendant RDS was hired to "flat bed" the subject Vehicle to an inspection site.

104. On or about April 28, 2022, Defendant RDS picked up the Subject Vehicle from Plaintiffs' Storage Lot. When driving the Subject Vehicle, Defendant RDS crashed the Subject Vehicle into an overpass.

105. Defendant RDS represented to Plaintiffs and Defendants that the Subject Vehicle needed to be returned to the storage lot as the California Highway Patrol would not allow it to be towed on the freeway. This was a false statement. Photographic evidence of the crash is available.

106. The Vehicle has been damaged beyond repair and the structural integrity of the Subject Vehicle is in doubt.

107. Defendant RDS owed Plaintiffs a duty of care.

108. Defendant RDS breached that duty of care when they wedged the Subject Vehicle into an overpass.

109. Plaintiffs have suffered damages as a result of the negligence of RDS.

## **PRAYER**

Plaintiffs pray for judgment against Defendants, jointly and severally, as follows:

1. For actual and/or statutory damages, including restitution, subject to proof;
2. A civil penalty for double the amount of any actual and statutory damages, subject to proof;
3. For any consequential and incidental damages, subject to proof;
4. For punitive damages against Thor, Mike Thompson, and Ford;
5. For costs of the suit and Plaintiffs' reasonable attorney fees, subject to proof;
6. For prejudgment interest at the legal rate;
7. And for such other relief as the Court may deem proper.

Dated: October 31, 2023          MCMILLAN LAW GROUP, APC

By:   */s/ Julian McMillan, Esq.*
      Julian McMillan, Esq.
      Attorney for Plaintiffs
      JAMES WARYCK and
      SANGAM SHETH